## J. T. BARKLEY v. JOSEPH H. CLARK *et al.*

GOODS, *Not Shipped as Agreed — Lost — Judgment, not Reversed.* To adjust a business dispute, it was agreed by one of the parties and the attorney of the other, that B. should reship certain goods about which the dispute arose, from Topeka to Springfield, Ohio, by express, charges prepaid. B. shipped the goods by freight, instead of by express, and they were lost. *Held,* That a verdict and judgment against B. for the value of the goods will not be reversed under the state of facts existing in this case.

*Error from Shawnee District Court.*

THE facts are set forth in the opinion.

*F. M. Hayward,* and *F. H. Foster,* for plaintiff in error.
*W. R. Hazen,* and *D. E. Sowers,* for defendants in error.

Opinion by SIMPSON, C.: The plaintiff in error, Barkley, on the 1st day of February, 1886, wrote to the Clark Chemist Works, at Springfield, Ohio: "I am in want of one of 'Clark's Complete Cabinets,' the best he makes, arm rest, and a set of chin adjusters. Send per express."

On the 7th of February, 1886, he wrote:

"The (not) complete cabinet received per express last evening. To say I was disappointed in it, would be putting it very mild. I expected the word 'complete' meant everything that one could possibly need. Some of the most essential parts are left out. For instance, the nasal tubes were very small arterial tubes, thimbles, etc. Now what I want is everything that could probably be of service, regardless of price. I want to do good work, so I can demand good prices. Please send these extra parts by return mail, as I have disposed of my old cabinet, and have nothing to work with."

On the 12th of February, 1886, he wrote:

"Inclosed I send you a broken valve; the long piece I found in a paper. I judge it must have been broken in transit or careless handling. Please send another in first mail, with nasal tubes, thimbles, etc., ordered."

On June 1, 1886, he wrote that —

"A draft has been here for amount of account. When I ordered cabinet I did so from advertisement, $20 for complete cabinet. I inferred from this that it included everything needed. Please answer and explain."

The account having been placed in the hands of an attorney for collection, he called on Barkley in the latter part of the month of June, and after some delay an arrangement was made by the attorney and Barkley, that the goods should be shipped back to Springfield by Barkley, by express, and that he should retain three bottles of fluid to reimburse for the express charges here and return, which amounted to $1.75. After some delay, Barkley shipped by freight, and they were lost in transit; at least they were never received at Springfield. This action to recover the amount of the account was commenced before a justice of the peace, tried, and appealed;

and a trial was had in the district court, at the September term, 1887, resulting in a verdict and judgment in favor of the Clark Chemical Works for $25, and costs.

Barkley brings the case here; and his counsel discuss two propositions, and urge them for reversal. One of these involves the instructions as given, and some instructions requested by Barkley and refused. We have briefly stated the facts as we gather them from the record, upon which the jury acted and returned their verdict. The defendant below on this state of facts requested the court to instruct the jury as follows:

"1. The court instructs the jury that, under the evidence the defendant was not bound to accept the box of embalming implements ordered by him, unless the plaintiffs delivered to him a complete Clark's cabinet, adapted to and fitted for the purpose ordered; and if the plaintiffs did not so deliver said implements to defendant, the defendant was not bound to accept the same; and if the defendant notified the plaintiffs of his non-acceptance within a reasonable time after he discovered that said set was incomplete and unfit for the purpose ordered, then the plaintiffs cannot recover.

"2. If there were defects in the implements in question which were not apparent or discoverable upon an examination without actual use or trial, and the defendant informed the plaintiffs of such defects immediately after he discovered them from actual use and trial, he did so within a reasonable time.

"3. The court also instructs the jury that the burden of proof is upon the plaintiffs to show by a preponderance of the evidence that they delivered to the defendant a complete set of embalming implements fitted for the purpose for which they were ordered."

On these propositions the trial court instructed as follows:

"1. The burden of proof is on the plaintiffs to prove all the material allegations contained in their bill of particulars by a preponderance of the evidence.

"2. If you find from the evidence that the defendant was an undertaker, and experienced in that business, and that he saw a picture, advertisement and price-list of what the plaintiffs designated as 'Clark's Complete Cabinet;' that upon such information the defendant sent to plaintiffs, at Springfield, Ohio, a written order for Clark's Complete Cabinet, contained in the

letter of defendant to plaintiffs, dated February 1, 1886; that by due transportation the defendant, on or about February 5, 1886, received from plaintiffs what they had advertised as 'Clark's Complete Cabinet;' that the defendant, on or about the day he received the said goods, opened the box containing the goods and examined the same, and that on the 7th of February, 1886, the defendant wrote the letter of that date to plaintiffs to send by return mail what defendant designated as extras, regardless of price; that the plaintiffs, when the order of defendant contained in defendant's letter of February 7, 1886, was received, furnished, and forwarded by mail such goods or extra instruments—if you so find, then I instruct you that such facts in this case constitute in law a sale by the plaintiffs and purchase by the defendant of Clark's Complete Cabinet at the advertised price, and that the defendant cannot interpose a defense that the goods first shipped to him were not of the kind and quality ordered by him in the first letter.

"3. If the defendant, upon the receipt and inspection of the goods called 'Clark's Complete Cabinet,' was not satisfied with the cabinet, he should have notified the plaintiffs and at once offered to return these goods to plaintiffs. The evidence tends to show that the defendant did not do this, but on the contrary wrote a letter to plaintiffs to send him by mail 'everything that could probably be of service, regardless of price.'

"4. The defendant alleges that he entered into an agreement with Sowers, the plaintiffs' attorney, to return these goods, except some fluids, to plaintiffs, at Springfield, Ohio, and prepay the freight or transportation charged, and that he did ship these goods by the Union Pacific Railroad, at Topeka. There is a contention between defendant and Sowers whether these goods were to be shipped by express or freight. If Sowers agreed to accept these goods from defendant only on the condition that he would ship them by express and prepay the charges—the express charges—and the defendant did not ship them by express and prepay the charges, but shipped the goods as freight, and the goods were lost, then these facts do not constitute a defense, and the plaintiffs should recover the contract price of the goods.

"5. If, however, Sowers and the defendant agreed that if the defendant would ship these goods by freight, and that the defendant should pay the freight charges, and you find from the evidence that Sowers and the defendant agreed that the defendant should ship the goods by freight and prepay charges, and that in pursuance of said agreement defendant did so ship

the goods with ordinary care and did prepay the freight charges, and they were lost, then the defendant is entitled to a verdict. You must consider all the evidence before you determine this issue, as well as the conduct of the parties concerned in this matter. If you find that the defendant refused to deliver to Sowers the bill of lading, and that the defendant failed to notify the plaintiffs of such shipment, these are circumstances that you may consider in determining this issue; and I further instruct you that the burden of proof is on the defendant to prove this defense by the preponderance of the evidence. I mean the greater weight of the evidence on this issue."

In view of the other questions, it is only necessary to say that there was such a state of facts as justified the instructions given by the court on the question of acceptance, rather than those requested by the plaintiff in error. The letters of the plaintiff in error and his action leave no doubt in our minds that there was an acceptance of the goods ordered.

On the other question, as to whether or not there was an agreement between the plaintiff in error and the attorney that the goods should be shipped to Springfield by express, the charges prepaid, the jury decide in favor of the statement made by the attorney. There is not only some evidence to sustain the verdict, but in our judgment the weight of the evidence and the consistency of all the attending facts are with the verdict.

The plaintiff in error having shipped the goods by freight, in violation of the agreement, and the goods being lost, it is too plain for argument that as between him and the defendants in error he must suffer the consequences of his disregard of the conditions of the agreement.

There being no reversible error, it is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.